## Lawson, Jr. v. Lowenthal

Before Doyle and Ross, JJ.

*John A. Metz, Jr.,* for plaintiff.
*Benjamin B. Wechsler,* for defendants.

DOYLE, J., May 2, 1973.—The matter is before the court on defendants' preliminary objections, in the nature of a demurrer, to plaintiff's (Lawson's) complaint in equity. The complaint alleges that Lawson is the owner of 100 shares of Apollo Industries, Inc. (Apollo) which owns 45.4 percent of the outstanding shares of Raychord Corporation (Raychord). Lawson's action is a shareholder's derivative action brought on behalf of all shareholders of Apollo and Raychord and on behalf of Apollo and Raychord.

The complaint alleges that: (1) During its fiscal year ending May 31, 1971, Raychord advanced to individual defendant David Lowenthal (Lowenthal) the sum of $240,000; (2) Lowenthal at all times material was and now is chairman of the board of directors and a director of Apollo and president and a director of Raychord; (3) the moneys advanced are repayable by

Lowenthal to Raychord on demand, without interest; (4) Lowenthal used said moneys for business ventures unrelated to the business of Apollo or Raychord; (5) the advances were collateralized by Lowenthal's personal note and by an agreement between and among Lowenthal and Raychord and an unnamed hypothecator to deliver certificates for 50,000 shares of the common stock of Apollo to Raychord upon demand or, upon failure to deliver said certificates to Raychord, to permit Apollo to apply amounts due to the hypothecator from Apollo to reduce the debt created by the advance of $240,000; (6) the amount due by Apollo to the hypothecator was $230,000; (7) Apollo's annual report disclosed that a trespass action brought against Apollo, Raychord and an unnamed officer of Apollo, had been settled for $100,000, and it appeared likely to Lawson that the funds to satisfy said settlement agreement will be advanced to Raychord by Apollo.

Lawson alleges that he was a holder of Apollo shares at the time of the transactions disclosed in Apollo's annual report and that, as set forth in exhibit "A" attached to his complaint, he demanded, in writing to Apollo, that Apollo act to force Lowenthal to repay to Raychord the aforesaid sum of $240,000. Lawson made similar demands on Raychord. Lawson alleges that both Apollo and Raychord have refused to comply with his demands and that the boards of directors of both Apollo and Raychord are directly interlocked, inter se.

Lawson demands that Lowenthal be ordered to: (1) Repay $240,000 to Raychord forthwith; (2) account to Raychord for all profits or gains received by or payable to Lowenthal from the investment of said $240,000; (3) pay to plaintiff reasonable fees for legal services in this shareholder's derivative suit. Defendants' demurrer asserts that only a shareholder of Ray-

chord is permitted to bring an action for the relief sought.

Defendants admit that under the Business Corporation Law of May 5, 1933, P. L. 364, 15 PS §1001, et seq., 15 PS §1516, and Pennsylvania Rule of Civil Procedure 1506, a shareholder has the right to bring a derivative action, but they insist that only a shareholder of Raychord may bring the instant action. Plaintiff insists that his action is a permitted "double derivative" shareholder's action.

Both parties rely on Hirshhorn v. Mine Safety Appliances Co., 54 F. Supp. 588 (Pa., 1944). Defendants insist that Hirshhorn is inapplicable because Apollo owns less than 50 percent of the outstanding shares of Raychord and because Hirshhorn applies only to "subsidiaries," which defendant defines to mean situations in which one corporation owns absolute arithmetic control of another corporation by owning in excess of 50 percent of its outstanding shares.

In Hirshhorn, plaintiff was a shareholder in Carbon Monoxide Eliminator Corporation (Carbon Monoxide) which owned 60 percent of Catalyst Research Corporation (Catalyst Research) and Mine Safety Appliances Company (Mine Safety) owned a majority of the outstanding shares of Carbon Monoxide in which Hirshhorn was also a shareholder. That action was founded on an alleged cause of action which Catalyst Research had against Mine Safety, and those defendants moved to dismiss on the ground that plaintiff in that action, as a shareholder of Carbon Monoxide, could not sustain a shareholder's derivative suit on the cause of action of Catalyst Research against Mine Safety.

In denying the motion to dismiss, the Hirshhorn court recited the oft-stated principle of law that a

shareholder may enforce a cause of action belonging to the corporation if that corporation's officers and directors refuse to enforce that cause of action, concluding that "the better view grants the shareholder 'double derivative' rights," although conceding that contrary authority exists. Page 592. To sustain the present defendants' position would require Lawson to purchase shares of Raychord so that he could acquire "legal standing" to bring the present action. But such shares may not be available or, if available, may not be purchasable at reasonable prices and could probably be purchased only after consummation of the mischief of which Lawson complains.

We must treat the pleaded averments as true, since a demurrer is being considered. Thus, plaintiff has apparently suffered an injury by reason of the action and subsequent inaction of Raychord; and since the boards of directors of Apollo and Raychord are directly interlocked and, therefore, the same persons are responsible for inflicting the alleged injury. The fact of direct interlocking boards of directors sustains an inference of influence if not control; ergo, any damage sustained by Raychord is necessarily damage sustained by Apollo for which an Apollo shareholder may bring a derivative action.

Piercing the corporate veil in such situations is necessary to afford a remedy to the shareholder of Apollo who, on the basis of the pleadings, has been legally injured by the unrectified mischief committed by the directors of Raychord who are also directors of Apollo. The directors of Apollo, having refused, nolens volens, to properly control (according to the averments of the the complaint) the affairs of Raychord, must plead to Apollo's shareholder's averments (or admit them by not pleading) that they acted improperly or failed to act properly in the interest of

the shareholders. Any other decision would permit them to do indirectly that which they may not do directly.

Defendants' demurrer must be overruled. An appropriate order will be entered.

## ORDER

And now, May 2, 1973, after considering the pleadings and the arguments and briefs of counsel, defendants' demurrer is overruled.

Defendants are granted 20 days to plead to the complaint.